## PAY OF PUBLIC SCHOOL TEACHERS WHILE ATTENDING TEACHERS' INSTITUTES.

[Circuit Court of Wood County.]

THE BOARD OF EDUCATION OF THE BOWLING GREEN CITY SCHOOL DISTRICT ET AL v. EDWARD BEVERSTOCK.

Decided, November 25, 1905.

*Schools—Teachers Attending Institutes—Entitled to Pay Therefor, When—Section 4091 Construed—Liberal Policy of State with Reference to Schools.*

The provision of Section 4091, Revised Statutes, for the payment of teachers in the public schools of any county, in which a county institute is held, their regular salary for the week they are in attendance at the institute, applies alike to those who have been engaged to teach for the ensuing school year but whose schools do not open until after the holding of the institute, and to those who have not yet been employed but are thereafter employed for a term beginning within three months after the close of the institute.

HAYNES, J. (orally); PARKER, J., and WILDMAN, J., concur.

A petition in error is filed by the Board of Education of the Bowling Green City School District, which was defendant below, against Edward Beverstock, a tax-payer, who was plaintiff below, to reverse a judgment of the Court of Common Pleas of Wood County. The case was heard in that court upon a demurrer to the petition, and the defendant not desiring to plead further, final judgment was entered upon the overruling of the demurrer. The points of error cited in the petition here are that the court erred in overruling the demurrer, and erred in rendering judgment in favor of the plaintiff in said cause.

The action grows out of the fact that the board of education of the city of Bowling Green was about to pay the teachers of the schools of the district for the time that they spent in attending the Teachers' Institute of Wood County, which was held some time in August of the current year, I believe.

Teachers' institutes, as it is known, are conducted under an act of the state of Ohio, and are county institutions, and are held for the purpose of instructing persons who expect to become, or are already teachers of schools, the purpose being to make a more efficient corps of teachers. Section 4091 of the Revised Statutes recognizes those institutions and provides for teachers of the schools attending the same; the language of the statute being as follows:

"All teachers of the public schools within any county in which a county institute is held may dismiss their schools for one week for the purpose of attending such institute, and when such institute is held while the schools are in session the boards of education of all school districts are required to pay the teachers of their districts their regular salary for the week they attend the institute, upon the teachers presenting a certificate of full regular daily attendance at said institute, signed by the president and secretary thereof; the same to be paid as an addition to the first month's salary after said institute, by the board of education by which said teacher is then employed, or in case he is unemployed at the time of the institute, then by the board next employing said teacher, provided the term of said employment begins within three months after said institute closes."

The petition in this case, to which we are to look for the facts, sets forth that the city of Bowling Green is a school district, and that it has a board of education, created and acting under and by virtue of the laws of Ohio. That annually in the month of August of each year there is held in Wood county a county institute at which a great many of the teachers employed throughout the county, and throughout the city, attend for the purpose of more efficiently preparing themselves for the occupation of a teacher; that said county institutes are usually held from the 20th day of August to the 25th day of August of each year. That prior to the 20th day of August of each year the Board of Education of the Bowling Green City School District of Wood County, Ohio, employs and hires all teachers, superintendents and principals necessary for the instruction of the pupils in the schools in said district for the year beginning the first Monday in September, following the holding of said county

institute in August.   That on August 21, 1905, the Board of
Education of the Bowling Green City School District authorized
the defendant, Newton R. Harrington, as clerk of said board,
to issue an order to all teachers who presented certificates of
attendance at the institute held August 21, 1905, for the pay-
ment of such sum due them for one week's pay according to the
rate for which said board hired them for the ensuing year,
and also authorized the clerk to issue orders to such of the teach-
ers as presented certificates for attendance at the institute held
in August, 1904.   That at the time of the holding of said county
institute the schools of the Bowling Green City School District
were not in session and had not been in session for more than
two months prior thereto,. and for the year 1904 did not con-
vene for about two weeks thereafter; and that said schools
within said district were not dismissed for the purpose of at-
tending such institute, and that all the teachers who are pro-
posed to be paid by the order of the board of education so
passed on August 21, 1905, were at the time of attending such
institute duly and regularly employed as teachers by the Board
of Education of the Bowling Green City School District, both
during the time of the institute held in August, 1904, and dur-
ing the time of the institute held in August, 1905.   That the
payment of said teachers so authorized by the said board of
education is illegal. and contrary to law and is a diversion and
misappropriation of the funds raised by taxation for the pur-
pose of conducting the schools of said district, and that unless
restrained by this court, said funds will be so unlawfully with-
drawn from the treasury and so diverted and misappropriated,
to the irreparable damage, loss and injury to this tax-payer
and the other tax-payers of said district.   That this action is
brought on behalf of plaintiff as a tax-payer of said district
and of the other tax-payers of said Bowling Green City School
District of Wood County, Ohio.   That by the action of said board
of education there will be paid out of the funds so raised by
taxation, unlawfully and without authority of law, about eight
hundred dollars.   Wherefore, the plaintiff prays that the clerk
may be enjoined from issuing any order or paying any moneys

out of the treasury upon the order of said board, and that upon final hearing the injunction may be made perpetual.

This Section 4091, as has been stated by counsel, it not very clearly drawn, but we think we may fairly and easily deduce certain facts from it in regard to this matter that will be governing in the decision of the case.

We think that in the classification of this statute, there are two classes of persons designated. There are teachers in schools that are teaching at the time the institute is to be in session, and in order to attend the sessions of the institute it becomes necessary for them to dismiss their schools for the period of a week; and there are another class who are unemployed at the time of attending the institute, and who are to be paid by the school district that may thereafter employ them; the statute reading:

"All teachers of the public schools within any county in which a county institute is held may dismiss their schools for one week for the purpose of attending such institute, and when such institute is held while the schools are in session the boards of education of all school districts are required to pay the teachers of their districts their regular salary for the week they attend the institute upon the teachers presenting a certificate of full regular daily attendance at said institute signed by the president and secretary thereof; [that relates, of course, to persons who are actually employed in teaching at the time] the same to be paid as an addition to the first month's salary after said institute by the board of education by which said teacher is then employed, or in case he is unemployed at the time of the institute [certainly that relates to another class of persons], then by the next board employing said teacher, provided the term of said employment begins within three months after said institute closes."

It seems to be the custom to have these institutes held during the vacation of the schools. We gather from this petition that the terms of the schools are from a period in September until the school term closes the next year, usually in May or June, and that there is a period between the termination of the preceding year and the commencement of the next school year in which there are no school sessions, and in which the teachers

are not hired or paid; it is a period of vacation, so to speak. Now, the claim is as to these teachers who have been employed prior to the 20th of August, that they are not employed within the meaning of the statute as teachers of a school district, and the sessions of the institute being held during vacation they did not dismiss, nor could they dismiss their schools, for the reason that their schools were not in session.

We think a fair and liberal construction is to be given to the statute. The matter of education in the state of Ohio is one that has always met with favorable consideration. In the very organization of the state a large amount of property was sold and the money received therefor placed in the treasury, and the state of Ohio has been paying interest on it ever since for the support of the schools, and liberal provision of money has been made to improve the standing and efficiency of teachers. And in furtherance of this idea, institutes have been established and the teachers encouraged to attend them, the provision being that the teachers may dismiss their schools for that purpose, if necessary.

In regard to the other class I have referred to, it is claimed that because they are hired that they were employed at the time, and were in the employ of the school board, but as they did not dismiss their schools at that time they are not entitled to recover anything for institute attendance. We are unable to take that view of the case. We think that these teachers, although they are named to teach on terms to commence in a future time, they are not employed as teachers in the school until the 2d of September, when they actually go to work, and when their pay commences. There is no school. These teachers who have been appointed to places are employed during the vacation in other ways; their time is their own; they are following their own business matters and own interests and are employed in that way, and they are not employed at actual teaching; they are unemployed as teachers; they are not engaged in teaching, hence they come under that class who are unemployed and are to be paid by the board next employing them, provided the term of said employment begins within three months after said institute closes.

If the teachers who are employed or named by the board prior to the 20th, the date of the institute, had been employed or named by the board as teachers after institute closed on the 25th they certainly would have been unemployed teachers at the time of the institute, and, as we hold, entitled to be paid for the time they attended the institute.    Why should their claims for payment be better than those named or employed prior to the 20th.    Their situation in reality is the same.    They are named during vacation to teach upon the opening of the schools.    They are, in fact, teachers not employed or engaged in teaching, and will not be so employed or engaged until school opens.    They are unemployed because their term has not commenced and they are not engaged in teaching—their terms have not commenced.

The time of payment is not a matter material here.    The question is whether they are entitled to be paid and we think clearly that they are so entitled and that the board of education in this city had a right to pay the teachers whom they employ who go into the schools subsequently, at the time the schools go into session, and the teachers attend the institute during vacation.    We think that is a just and fair construction of the statute, and carries out the idea of the Legislature in enacting it; that it was their purpose to get teachers who are competent and efficient in carrying on the profession of teaching schools.

The petition of the plaintiff will be dismissed.    We think we may reverse this judgment and proceed to render the judgment that the court of common pleas ought to have rendered dismissing the petition, and it is so ordered.

*James O. Troup* and *J. W. Gabriel,* for plaintiff in error.
*Edward Beverstock, pro se.*